**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

```
In re:                          )
                                )
ROLAND C. JACKSON               )    Case No. 15-15328-EEB
SSN:XXX-XX-5023                 )
DIANE P. JACKSON                )    Chapter 11
SSN:XXX-XX-7604                 )
                                )
     Debtors.                   )
```
_____

**APPLICATION TO EMPLOY ATTORNEY AND APPROVE RETAINER**
_____

Debtors, Roland and Diane Jackson ("Jacksons"), pursuant to 11 U.S.C. §327 and Fed.R.B.P. 2014, respectfully make application to employ Guy Humphries as their counsel in this bankruptcy case. In support of this application, the Jacksons state as follows:

1.   On May 14, 2015, the Jacksons filed a petition under Chapter 11 of the Bankruptcy Code.

2.   The Jacksons have continued in possession of their property and are now a debtor in possession under Section 1101 of the Bankruptcy Code.

3.   The Jacksons, as a debtor in possession, wish to employ Guy Humphries as their attorney in this bankruptcy case.

4.   The professional services that Mr. Humphries is to provide include:

(a)  Analysis of the Jacksons' financial situation and rendering advice concerning a plan of reorganization;

(b)  Providing legal advice concerning their powers and duties as a debtor in possession;

(c)  Preparation and filing of any petition, schedules, statement of affairs and any other required documents;

(d)  Representation at the meeting of creditors and all hearings related to this case;

(e)  Representation of them in any adversary proceeding or contested matter arising from this case;

        (f) Preparation of all necessary reports, applications, answers, orders and all other required legal documents; and

        (g) Performing all other legal services which may be necessary in this bankruptcy case.

    5. To the best of the Jacksons' knowledge, and as set forth in his attached affidavit, Mr. Humphries has no connection with any of their creditors or any other party in interest.

    6. The terms of employment of Mr. Humphries agreed to by the Jacksons, subject to the approval of the Court, are that he will undertake this representation at the rate of $300 per hour and $75 per hour for paralegal time. It is contemplated that Mr. Humphries will seek compensation based upon this hourly billing rate and will seek interim compensation as permitted by 11 U.S.C. §331.

    7. The Jacksons paid a pre-petition retainer of $15,000 to the trust account of Guy Humphries to cover some of their anticipated legal fees and expenses and some of the anticipated legal fees and expenses of Gonphysion, LLC and Group Four, LLC. The Jacksons, as the sole members of Gonphysion and Group Four, are "affiliates" of Gonphysion and Group Four. Gonphysion and Group Four have filed separate Chapter 11 cases. It is anticipated that these three Chapter 11 cases will be jointly administered.

    8. Of the $15,000 retainer paid to Mr. Humphries, $1,717 was paid to the Bankruptcy Court Clerk for the Jacksons' Chapter 11 filing fee; $1,717 was paid to the Bankruptcy Court Clerk for the Gonphysion Chapter 11 filing fee; and $1,717 was paid to the Bankruptcy Court Clerk for the Group Four Chapter 11 filing fee. $3,300 was paid to Mr. Humphries for pre-petition services. The balance of $6,549 is being held in Mr. Humphries' COLTAF account.

    9. To the best of the Jacksons' knowledge, Mr. Humphries represents no interest adverse to them or their bankruptcy estate and his employment would be in the best interest of the estate.

    10. Pursuant to the Affidavit Pursuant to Bankruptcy Rule 2014(a), which is attached hereto as Exhibit 1, Mr. Humphries has stated he is a disinterested party within the meaning of 11 U.S.C. §101(14) and is eligible to serve as counsel for the estate under 11 U.S.C. §327(a).

    11. The payment of the retainer is consistent with 11 U.S.C. §328 and is a reasonable basis for employment. Given the

nature of this case, the fees and costs may exceed the amount of the retainer. Notice of this Application is being made to creditors and parties in interest informing them of the retainer.

12. Mr. Humphries has acknowledged he is aware of the provisions of 11 U.S.C. §328(a) and understands the Bankruptcy Court may allow compensation different from that provided in this Application.

Wherefore, the Jacksons request that their employment of Guy Humphries to represent them as a debtor in possession be approved by the Court, with all fees and expenses subject to Bankruptcy Court approval prior to payment. The Jacksons further request that the Court approve of the retainer paid to Mr. Humphries

Submitted this __15th__ day of May, 2015.


 s/ Roland Jackson                s/ Pat Jackson
Debtor in Possession             Debtor in Possession


## CERTIFICATE OF MAILING

I hereby certify that on the 15th day of May, 2015, a true and correct copy of the foregoing **APPLICATION TO EMPLOY ATTORNEY AND APPROVE RETAINER** has been deposited in the United States mail, postage prepaid and properly addressed to the following:

Leo Weiss, Esq.
United States Trustee
1961 Stout Street, Suite 12-100
Denver, CO 80294

served by pre-paid first class mail a copy of the **NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1 OF MOTION FOR APPROVAL OF RETAINER** on all parties against whom relief is sought and those otherwise entitled to service pursuant to Fed. R. Bankr. P. and these L.B.R. at the following addresses:

> Mailed to the individuals and entities listed on the Mailing Matrix, a copy of which is attached as attached Exhibit A.

                                 s/ Rosalie Brennan